UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MELISSA M. ALGER,

                                    Plaintiff,

        v.                                                    1:05-CV-0749
                                                              (LEK/RFT)
THE COUNTY OF ALBANY, NEW YORK;
ST. ANNE'S INSTITUTE; ST. CATHERINE'S
CENTER FOR CHILDREN; ROMAN
CATHOLIC DIOCESE OF ALBANY COUNTY;
TINA GIAGNI; MARY ANNE MORELLE;
DEBORAH KELSEY; BARBARA LYNCH; and
ANDREA BURGER, sued individually and in their
official capacities,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### MEMORANDUM-DECISION AND ORDER[1]

        Plaintiff Melissa Alger commenced the instant action against Defendants asserting

causes of action for violations of her constitutional rights and various state law causes of

action arising out of abuse while under the care, supervision and/or custody of Defendants.

Presently before the Court are Defendants' Motions to dismiss pursuant to Federal Rule of

Civil Procedure 12 seeking various forms of relief.


### I.  FACTS

        The following facts are taken from Plaintiff's Complaint and, for purposes of the

instant motion, are assumed to be true.

        Plaintiff was born in June 1984.  She was placed in foster care in June 1989.  Her

adoption was finalized in 1997.  The Complaint vaguely alleges that Plaintiff was under the

_____

        [1] For printed publication by the Federal Reporters.

supervision of Defendants "[a]t various points from 1985 up through 1997." Compl. (Dkt. No. 1) at ¶ 10. The Complaint also contends that at "various points up through 1997 and afterwards, plaintiff was in the custody of defendants." Id. at ¶ 11. It is claimed that Plaintiff was sexually and physically abused, neglected, and otherwise maltreated while in Defendants' custody. From 1984 onward, Defendants received over twenty reports of abuse concerning Plaintiff. Nevertheless, Defendants did not remove the child from the abusive situation. The Complaint indicates that Plaintiff was offered for sexual services by her biological mother after Defendants were aware of reports of abuse against the biological mother. It is further claimed that Plaintiff was sexually abused by her biological mother at the offices of the Defendant Albany County in 1989 and 1990. The Complaint alleges that Defendants returned Plaintiff to her biological mother despite knowing her abusive tendencies.

Plaintiff commenced the instant action against Defendants asserting claims of negligence and violations of: (1) the Adoptive Assistance and Child Welfare Act of 1980, 42 U.S.C. §§ 620-628, 670-679a ("AACWA"); (2) the Federal Child Abuse Prevention and Treatment Act, 42 U.S.C. §§ 5101-5106 ("CAPTA"); and (3) her substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution. Presently before the Court are Defendants' Motions to dismiss pursuant to Federal Rule of Civil Procedure 12. See Dkt Nos. 36-39.

## II. STANDARD OF REVIEW

In addressing the pending Motions to dismiss, the Court has disregarded all materials submitted outside of the pleadings. FED. R. CIV. P. 12(c).

"'[A] court may dismiss a complaint [under Federal Rule of Civil Procedure 12] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  In Swierkiewicz, the Supreme Court rejected this Circuit's practice of requiring a complaint to allege a prima facie case to survive a motion to dismiss. Swierkiewicz, 534 U.S. at 508-14.  The Court held that such a "heightened pleading standard... conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 512 (quoting FED. R. CIV. P. 8(a)).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id. (citing, *inter alia*, Conley v. Gibson, 355 U.S. 41, 47-48 (1957)).  Thus, a complaint is sufficient if it gives the defendant fair notice of the plaintiff's claims, the grounds upon which they rest, and states claims upon which relief could be granted. Id. at 514.  With this standard in mind, the Court will now address the pending motions.

## III. DISCUSSION

### A. Adoption Assistance and Child Welfare Act

Defendants County of Albany, Mary Anne Morrelle, Barbara Lynch, Deborah Kelsey and Andrea Burger (collectively the "Albany County Defendants") and Defendants Roman Catholic Diocese, St. Catherine's, and St. Anne's Institute argue that there is no private cause of action under the AACWA.  Plaintiff disagrees, but, other than citing to some

cases, fails to explain why.  Plaintiff does not specify those portions of the AACWA she

believes creates a private cause of action.

In <u>Suter v. Artist M.</u>, 503 U.S. 347 (1992), the Supreme Court held that one

provision of the AAWCA, 42 U.S.C. § 671(a)(15), did not create a private cause of action.  In

<u>31 Foster Children v. Bush</u>, 329 F.3d 1255 (11th Cir. 2003), the Eleventh Circuit similarly

concluded that  42 U.S.C. §§ 675(5)(D) and (E) do not provide rights enforceable under 42

U.S.C. § 1983.  In <u>LaShawn A. by Moore v. Barry</u>, 144 F.3d 847, 850 n.2 (D.C. Cir. 1998),

the United States Court of Appeals for the District of Columbia Circuit noted that the

reasoning in <u>Suter</u> would extend to other provisions of the AACWA.  The Fourth Circuit

reached a similar conclusion in <u>White by White v. Chambliss</u>, 112 F.3d 731 (4th Cir. 1997).

Courts in this District similarly have held that the AACWA does not create a private cause of

action.  <u>See</u> <u>Ingrao v. County of Albany, N.Y.</u>, No. 1:01-CV-730, 2006 WL 2827856 (N.D.N.Y.

Oct. 2, 2006) (McAvoy, Senior D.J.); <u>Polite v. Casella</u>, 901 F. Supp. 90, 93 (N.D.N.Y. 1995)

(McAvoy, C.J.); <u>McMahon v. Tompkins County Dep't of Soc. Servs.</u>, No. 95-CV-1134

(RSP/GJD), 1998 WL 187421, at *5-*7 (N.D.N.Y. Apr. 14, 1998) (Pooler, D.J.).  <u>See</u>

<u>also</u> <u>Daniel H. v. City of New York</u>, 115 F. Supp. 2d 423, 428 (S.D.N.Y. 2000); <u>Olivia Y. ex</u>

<u>rel. Johnson v. Barbour</u>, 351 F. Supp. 2d 543 (S.D. Miss. 2004).

In 1994, Congress enacted legislation expressly upholding the ruling in <u>Suter</u>

insofar as the Supreme Court held that § 671(a)(15) did not create a private cause of action.

<u>See</u> 42 U.S.C. § 1320a-2a.  Significantly, as courts in the Southern District of New York and

the District of New Jersey have aptly noted,

in 1996, Congress amended 42 U.S.C. § 674 by adding subsection (d)
which *explicitly* provides that "[a]ny individual who is aggrieved by a
violation of *Section 671(a)(18) of this title* by a State or other entity may

bring an action seeking relief from the State or other entity in any United
States district court." 42 U.S.C. § 674(d)(3)(A).... That Congress... chose
to amend 42 U.S.C. § 674 to include a private right of action under [42
U.S.C.] § 1983 for a state or other entity's failure to comply with 42 U.S.C.
§ 671(a)(18), but did not include the other various elements enumerated
in 42 U.S.C. § 671(a) and relied upon by Plaintiffs, is strong evidence that
Congress did not intend these other various State plan elements in 42
U.S.C. § 671(a) to confer rights enforceable pursuant to § 1983.

Charlie H. v. Whitman, 83 F. Supp. 2d 476, 489 (D.N.J. 2000) (emphasis in original; citations omitted).  See also Daniel H., 115 F. Supp. 2d at 428.

This Court agrees with and adopts the reasoning in the cases set forth above. Plaintiff fails to point out what specific provisions of the AAWCA create a private cause of action and explain why they would support a private claim.  Accordingly, the Court finds that, with the exception of § 671(a)(18), the AAWCA does not create a private cause of action.

Section 671(a)(18) pertains to denying persons the ability to become adoptive or foster parents, or delaying or denying a foster care placement or adoption, on the basis of race, color, or national origin.  Because no such discrimination is alleged here, § 671(a)(18) is inapplicable and the claims under the AAWCA must be dismissed.

### B.  CAPTA

Defendants similarly move to dismiss the claims under CAPTA on the ground that all the actions required in Sections 5101-5106 of CAPTA pertain to actions to be taken by the Secretary of Health and Human Services or those under the Secretary's direction and do not impose any obligations on public child welfare agencies.  Plaintiff failed to oppose this portion of Defendant's Motion.  Accordingly, the CAPTA claim is subject to summary dismissal based upon Plaintiff's implied abandonment and/or consent to dismissal.  In any event, Plaintiff has failed to demonstrate that any provision of CAPTA provides for an independent private right

of action, or that an implied right of action exists pursuant to 42 U.S.C. § 1983 for a violation of this act.  Case law in this District and elsewhere holds that CAPTA does not provide for a private cause of action.  See Hilbert S. v. County of Tioga, No. 3:03-CV-193, 2005 WL 1460316, at *13-*14 (N.D.N.Y. June 21, 2005) (McAvoy, Senior D.J.) (Finding that "CAPTA does not create clear and unambiguous obligations on the State that arise to the level of an enforceable right", and thus dismissing a Section 1983 claim premised upon an alleged violation of CAPTA); A.S. By and Through Blalock v. Tellus, 22 F. Supp. 2d 1217, 1224 (D. Kan. 1998).  The claims pursuant to CAPTA are, therefore, dismissed.

### C.  Pre-1989 Conduct

Relying upon DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189 (1989), the Albany County Defendants next argue that they may not be held liable for any alleged violations of Plaintiff's constitutional rights that occurred prior to 1989 because they did not have custody of Plaintiff until 1989.  Although this argument may ultimately prevail, it must be rejected at this early stage of the litigation.  The Complaint alleges that Plaintiff was in Defendants' custody at "various points up through 1997 and afterwards."  If Plaintiff was in Defendants' custody before 1989, this case would extend outside the holding in DeShaney. Thus, there may be facts that, if true, could impose liability upon Defendants for any pre-1989 violations of Plaintiff's constitutional rights.

### D.  Procedural Due Process

The Albany County Defendants next move to dismiss Plaintiff's procedural due process claim on the ground that the New York State Social Services Law does not provide the basis for any protected property or liberty interests that would support a procedural due

process claim.  In response, Plaintiff fails to point to any provisions of the New York State

Social Services Law that she believes provides a basis for a due process right.

Whether the New York State Social Services Law provides a protected property

interest was addressed in this District in Hilbert S. v. County of Tioga, 2005 WL 1460316, at

*10-*13.  As was stated in the Hilbert S. case,

> State child protection legislation, even with procedural requirements "for
> the immediate classification and evaluation of child abuse reports, the
> timely initiation of an investigation, and the conduct of the investigation,"
> does not create protected property or liberty interests when the statutory
> scheme "invest significant discretion in the [child protective workers] to
> determine both whether an investigation is warranted and what remedial
> action, if any, to pursue based on the results of the investigation."

2005 WL 1460316, at *11 (citing and quoting Sealed v. Sealed, 332 F.3d 51, 57 (2d Cir.

2003)).  Plaintiff has failed to identify any provisions of the Social Services Law that

sufficiently circumscribe the child protective workers' discretion so as to create a protected

property or liberty interest.  This Court, therefore, adopts the analysis in Hilbert S. and

dismisses the procedural due process claims.

### E.  Municipal Liability

Next, the County of Albany argues that the Complaint fails to state a claim for

imposing liability on the County for any violations of Plaintiff's rights.  The County of Albany

contends that "[t]he complaint . . . alleges only facts pertaining to the County of Albany's

alleged conduct concerning the plaintiff, and does not allege either a pattern or prior conduct,

or any actions or acquiescence of a policymaking official in connection with the County of

Albany's care and treatment of the plaintiff."  Albany County Deft's Mem. of Law (Dkt. No. 36,

Attach. 2) at 10.

"For the purpose of Section 1983, a municipality is not vicariously liable for the acts of its employees." Green v. City of New York, 465 F.3d 65, 80 (2d Cir. 2006) (citations omitted). "[M]unicipal liability attaches only where the deprivation was caused by a policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'" Skehan v. Vill. of Mamaroneck, 465 F.3d 96, 108-09 (2d Cir. 2006) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)). As the Second Circuit has explained:

> Where plaintiffs allege that their rights were deprived not as a result of the enforcement of an unconstitutional official policy or ordinance, but by the unconstitutional application of a valid policy, or by a city employee's single tortious decision or course of action, the inquiry focuses on whether the actions of the employee in question may be said to represent the conscious choices of the municipality itself. Such an action constitutes the act of the municipality and therefore provides a basis for municipal liability where it is taken by, or is attributable to, one of the city's authorized policymakers.... Thus, even a single action by a decisionmaker who "possesses final authority to establish municipal policy with respect to the action ordered,"... is sufficient to implicate the municipality in the constitutional deprivation for the purposes of § 1983.

> More often than not, however, plaintiffs allege constitutional deprivations at the hands of the lower-level municipal employees to whom some authority has been delegated, rather than at the hands of those officials with final policymaking authority. While allowing the municipality to be held liable on the basis of the mere delegation of authority by a policymaking official would result in *respondeat superior* liability, allowing delegation, without more, to defeat municipal liability would contravene the remedial purposes of § 1983 . Therefore, § 1983 plaintiffs may establish that the city is liable for their injuries by proving that "the authorized policymakers approve[d] a subordinate's decision and the basis for it."

> Thus, when a subordinate municipal official is alleged to have committed the constitutional violation, municipal liability turns on the plaintiffs' ability to attribute the subordinates' conduct to the actions or omissions of higher ranking officials with policymaking authority. One means of doing so, of course, is to establish that a policymaker ordered or ratified the subordinates' actions.... Another method of implicating a policymaking official through subordinates' conduct is to show that the policymaker was aware of a subordinate's unconstitutional actions, and consciously chose

- 8 -

to ignore them, effectively ratifying the actions.... Thus, where a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a "deliberate choice," that acquiescence may "be properly thought of as a city 'policy or custom' that is actionable under § 1983."... Moreover, because a single action on a policymaker's part is sufficient to create a municipal policy, a single instance of deliberate indifference to subordinates' actions can provide a basis for municipal liability.

Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004) (citations omitted).

Although the Complaint is somewhat vague and does not allege many facts concerning municipal liability, it need not do so.  There may be facts consistent with the Complaint that, if true, would demonstrate that higher ranking officials with policymaking authority ordered or ratified the conduct of the subordinates or were aware of their subordinates' unconstitutional actions and chose to ignore them.  For example, the Complaint alleges that there were numerous complaints of abuse regarding Plaintiff that were ignored.  The Complaint also alleges that certain incidents of sexual abuse occurred on County of Albany premises.  Plaintiff's Complaint further alleges that Defendants Lynch and Burger were supervisors with policymaking authority for the County of Albany who acted with deliberate indifference towards the violation of Plaintiff's constitutional rights.  It, therefore, cannot be said that, at this early stage of the litigation, Plaintiff could prove no set of facts demonstrating municipal liability.

### F.  Notice of Claim

The County of Albany and Defendant Tina Giagni next argue that the State law personal injury claims against them must be dismissed because Plaintiff failed to serve a notice of claim.  Plaintiff has failed to respond to this portion of the Motion, thereby indicating her assent to the requested relief.  Before a municipality can be sued on a claim for personal

injuries, the Plaintiff must serve a notice of claim.  See N.Y. GEN. MUN. LAW § 50-e.  Because there is no indication that Plaintiff served a notice of claim and Plaintiff otherwise failed to oppose this portion of the motion, all State-law based personal injury claims against the County of Albany are dismissed.

A similar rules applies with respect to claims against an individual defendant employed by a municipality, but only if the municipality is obligated to indemnify such person. Id.  See Grasso v. Schenectady County Pub. Library, 817 N.Y.S.2d 186, 189-90 (App. Div. 3d Dep't 2006).  There is no indication in the record before the Court whether the County of Albany is obligated to indemnify Defendant Giagni.  The Court is, therefore, unable to discern at this time whether the notice of claim requirement applies to her.  Accordingly, Defendant Giagni's Motion on this ground is denied.

### G.  Qualified Immunity

The individual Defendants move to dismiss the constitutional claims against them on the ground that they are entitled to qualified immunity.  The basis of this Motion is that, at the time of Defendants' conduct as alleged in the Complaint, Plaintiff's rights to have Defendants prevent sexual abuse and/or provide counseling services were not clearly established and their conduct was objectively reasonable.  Plaintiff responds that there is Second Circuit case law that sufficiently delineated the scope of Defendants' duties toward Plaintiff such that her rights were clearly established.

As the Second Circuit recently explained,

The doctrine of qualified immunity shields public officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."... Ruling on the qualified-immunity defense requires a two-step

inquiry.  First, we must consider whether the plaintiff's factual allegations, both those unchallenged and those as to which the record creates a genuine dispute, "show the [official's] conduct violated a constitutional [or statutory] right."

If the assumed facts do not establish a violation, the defendant must be granted summary judgment.... On the other hand, if violation of a right can be shown, "the next, sequential step is to ask whether the right was clearly established,"... and, if it was, whether "the evidence is such that, even when it is viewed in the light most favorable to the plaintiff [ ] and with all permissible inferences drawn in [his] favor, no rational jury could fail to conclude that it was objectively reasonable for the defendant [ ] to believe that [he][was] acting in a fashion that did not violate a clearly established right".

Salahuddin v. Goord, --- F.3d ---, Docket No. 04-3470-PR, 2006 WL 3041934, at *4-*5 (2d Cir. Oct. 27, 2006) (citing and quoting, inter alia, Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Saucier v. Katz, 533 U.S. 194, 201 (2001); In re State Police Litig., 88 F.3d 111, 123 (2d Cir. 1996)).

Here, the factual allegations in the Complaint are sufficient to demonstrate a violation of a Constitutional right.  The Complaint contends that Plaintiff was in Defendants' custody, Defendant received numerous reports of abuse concerning Plaintiff but did nothing to remove Plaintiff from the abusive environment, Plaintiff was sexually abused while in Defendants' building, Defendant failed to provide adequate medical care, and Defendants returned Plaintiff to a known abusive environment.  If, in fact, Defendants had custody over Plaintiff, they had affirmative duties toward her.  See Doe v. New York City Dep't of Soc. Servs., 649 F.2d 134, 141 (2d Cir. 1981) ("Doe I").  If Defendants ignored clear signs of sexual or physical abuse or maltreatment, or increased the harm to Plaintiff by placing her into an abusive situation, then Defendants may have violated their constitutional duty to

protect Plaintiff from such abuse or maltreatment.  Id.  Accordingly, the allegations in the Complaint overcome the first step in the qualified immunity analysis.

The next inquiry is whether Plaintiff's rights were clearly established and, if so, whether it was objectively reasonable for Defendants to believe they were acting in a fashion that did not violate a clearly established right.  Supreme Court and Second Circuit case law clearly establish that "[w]hen individuals are placed in custody or under the care of the government, their governmental custodians are sometimes charged with affirmative duties, the nonfeasance of which may violate the constitution."  Doe I, 649 F.2d at 141 (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  Governmental custodians "could be held liable under section 1983 if '[they]... exhibited deliberate indifference to a known injury, a known risk, or a specific duty, and their failure to perform the duty or act to ameliorate the risk or injury was a proximate cause of plaintiff's deprivation of rights under the Constitution.'"  Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782 (1983) ("Doe II") (quoting Doe I, 649 F.2d at 145).  Thus, assuming Plaintiff was in Defendant's custody (as the Complaint alleges), Plaintiff's rights were clearly established.

Having found that, under the facts alleged in the Complaint, Plaintiff's rights were clearly established, the question then becomes whether it was objectively reasonable for Defendants to believe they were not violating Plaintiff's rights.  The Complaint alleges that Defendants were aware of the abuse being suffered by Plaintiff, but failed to act to avoid the harm, decrease the risk of harm, or take actions to ameliorate the effects of any harm.  The Complaint further alleges that Defendants returned Plaintiff to a known abusive environment. If true, these actions and failures to act would be in clear violation of Plaintiff's constitutional

rights and could not be said to be objectively reasonable.  Accordingly, Defendants' Motion to dismiss on the ground of qualified immunity is denied.

### H.  Whether St. Catherine's, the Catholic Diocese of Albany, or St. Anne's Institute are State Actors

Defendants St. Catherine's, the Catholic Diocese of Albany, and St. Anne's Institute move to dismiss the § 1983 claims against them on the ground that they did not act under color of State law.  These Defendants argue that they were not created by State law, they do not provide a function that is traditionally the exclusive prerogative of State government, their actions are not entwined with the government, they were not subject to governmental coercion or encouragement, they did not act jointly with the government, and that there are otherwise no set of facts under which Plaintiff could demonstrate that they acted under color of State law.  Relying primarily on the Second Circuit cases of Perez v. Sugarman, 499 F.2d 761 (2d Cir. 1974), and Duchesne v. Sugarman, 566 F.2d 817 (2d Cir. 1977), Plaintiff contends that these Defendants are State actors.  Plaintiff responds that there is a close nexus between the State and the challenged action such that these Defendants may be fairly treated as the State itself.

The issue of whether private or religious-based child care institutions can be deemed State actors for purposes of liability under 42 U.S.C. § 1983 was extensively discussed in this District in Lynn ex rel. Julie B. v. St. Anne Inst., No. 03 CV 1333, 2006 WL 516796, at *12-*17 (N.D.N.Y. Mar. 2, 2006) (McAvoy, Senior D.J.).  Indeed, the Julie B. case held that, under similar factual circumstances, St. Anne was not acting under color of State law.  Although, the Court adopts the analysis of the Julie B. case herein, the Court is unable

to conclude at this time that there is no set of facts which, if true, could demonstrate that

these Defendants were acting under color of State law.

The Second Circuit has summarized the relevant legal principles as follows:

> When analyzing allegations of state action, we begin "by identifying the
> specific conduct of which the plaintiff complains."... In order to satisfy the
> state action requirement where the defendant is a private entity, the
> allegedly unconstitutional conduct must be "fairly attributable" to the
> state.... Conduct that is ostensibly private can be fairly attributed to the
> state only if there is "such a 'close nexus between the State and the
> challenged action' that seemingly private behavior 'may be fairly treated
> as that of the State itself.'"... State action may properly be found where
> the state exercises "coercive power" over, is "entwined in [the]
> management or control" of, or provides "significant encouragement, either
> overt or covert" to, a private actor, or where the private actor "operates as
> a willful participant in joint activity with the State or its agents," is
> "controlled by an agency of the State," has been delegated a "public
> function" by the state, or is "entwined with governmental policies."

Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312-13 (2d Cir. 2003) (citing and quoting, *inter*

*alia*, Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 51 (1999); Brentwood Acad. v. Tenn.

Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 296 (2001)).

Here, there may be facts which, if true, demonstrate a sufficiently close nexus

between the State and these Defendants.  This determination is not properly made on a

motion to dismiss, but will depend on many facts not now before the Court.  This issue is

better addressed at trial or on a motion for summary judgment.

### I.  Negligence Claims Against the Roman Catholic Diocese and St. Catherine's

Defendants Roman Catholic Diocese and St. Catherine's move to dismiss the State

law negligence claims on the ground that the Complaint contains insufficient factual

allegations to form the basis of the claim and fails to identify the specific defendants against

whom the claim is asserted.  This argument must be rejected.  The Supreme Court has

made it clear that a Complaint need only provide a brief explanation of the claim.

Swierkiewicz, 534 U.S. at 508-14.  A complaint need not contain a full factual recitation.

Similarly, the complaint need not set forth the elements of the cause of action.

　　　　Here, Plaintiff's Complaint alleges that Defendants owed a duty of care to Plaintiff

based on their relationship to her custody, education, and treatment and either acted, or

failed to act, in such a way as to violate that duty.  These allegations are sufficient to put

Defendants on notice of the basis for Plaintiff's claims and the legal grounds upon which the

claims are based.  To the extent Defendants wish additional information concerning which

Defendants are claimed to have acted with negligence with respect to various conduct, such

information can be ferreted out through the discovery process.  The merits of Plaintiff's claim

can be determined at trial or, if appropriate, on a motion for summary judgment.

### J.  Rule 8

　　　　Defendant Tina Giagni argues that Plaintiff should be required to re-plead because

her Complaint violated Federal Rule of Civil Procedure 8.  Specifically, Giagni contends that

the Complaint does not adequately differentiate between the various Defendants, does not

differentiate between the various time periods involved, and does not provide sufficient

information for Defendants to timely and effectively raise the qualified immunity defense.

　　　　The Court rejects these arguments.  While the Complaint could have been better

organized, Plaintiff is under no obligation to do so.  The Complaint alleges various violations

of law as against Defendants.  The Complaint is not so confusing as to prevent Defendants

from understanding the claims against them or to preclude them from intelligently asserting a

qualified immunity defense.  Through the discovery process, Defendants can require Plaintiff to specify what claims she is asserting as against each Defendant and the grounds therefor. With respect to the issue of qualified immunity, the Court is aware of the preference for resolving such issues at the earliest practicable time.  This does not mean, however, that a Complaint must enable a Defendant to completely assert such a defense.  "A defendant is entitled to qualified immunity on a motion to dismiss if the allegations of the complaint fail to 'state a claim of violation of clearly established law.'"  Connell v. Signoracci, 153 F.3d 74, 80 (2d Cir. 1998) (quoting Behrens v. Pelletier, 516 U.S. 299, 306 (1996)).  For the reasons previously discussed, the Plaintiff's Complaint does state a claim of violation of clearly established law.

### K.  Official Capacity Claims

Defendants also move to dismiss the official capacity claims against the individual Defendants as redundant of the claims against the municipal Defendant.  A claim against an individual in her official capacity is nothing more than a claim against the municipality itself. Barmore v. Aidala, No. 04-CV-0445, 2006 WL 1978449, at *10 n.9 (N.D.N.Y. July 12, 2006) (McAvoy, Senior D.J.); Longo v. Suffolk County Police Dept. County of Suffolk, 429 F. Supp. 2d 553, 558 n.1 (E.D.N.Y. 2006).  Because the Complaint alleges that the individual Defendants acted as employees of the County of Albany, the official capacity claims are dismissed as redundant to the claims against the County of Albany itself.

### L.  Amended Complaint

Plaintiff cross-moves for leave to file an Amended Complaint.  The Court is aware that leave to amend shall be freely given.  See Fed. R. Civ. P. 15(a).  It appears that the

Motion to file an Amended Complaint was designed to overcome any perceived deficiencies in the Original Complaint.  See Plntf's Mem. of Law (Dkt. No. 49, Attach. 1) at 23.[2]  The proposed amendments merely add factual assertions intended to overcome the various Motions to dismiss addressed above.  The proposed amendments do not add new legal theories, do not change the legal theories upon which Plaintiff proceeds, do not add new parties, and do not assert any new damages.

For the reasons previously discussed, none of Plaintiff's claims have been dismissed because of factual insufficiency in the Complaint.  The proposed amendments do not cure any of the legal defects previously discussed.  Accordingly, Plaintiff's Motion would be futile and is, therefore, denied.  If Plaintiff has other reasons for filing the proposed Amended Complaint, she may renew this Motion before Magistrate Judge Treece.

### IV.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that Defendants' Motions to dismiss (Dkt. Nos. 36-39) are **GRANTED IN PART** and **DENIED IN PART**, as follows:

1.   All claims against all Defendants pursuant to the AACWA (Second Cause of Action) are **DISMISSED**;

2.   All claims against all Defendants pursuant to the CAPTA (Third Cause of Action) are **DISMISSED**;

---

[2] Page numbers are cited as they appear on the actual paper pages of Plaintiff's filing.

3.      The claims alleging procedural due process violations (part of the Fifth Cause of Action) are **DISMISSED**;

4.      The State law claims against the County of Albany are **DISMISSED**;

5.      The claims against the individual Defendants in their official capacities are **DISMISSED**; and

6.      In all other respects Defendants' Motions are **DENIED**; and it is further

ORDERED, that Plaintiff's Cross-Motion for leave to file an Amended Complaint (Dkt. Nos. 48-49) is **DENIED** with leave to renew before Magistrate Judge Treece; and it is further

ORDERED, that the Clerk serve copies of this Order upon the parties to this action.

**IT IS SO ORDERED**.

DATED:  November 21, 2006
        Albany, New York

Lawrence E. Kahn
U.S. District Judge

- 18 -