UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MELISSA M. ALGER,

         Plaintiff,

 -against-               1:05-CV-00749
                        (LEK/RFT)

THE COUNTY OF ALBANY, NEW YORK,
ST. ANNE'S INSTITUTE,
ST. CATHERINE'S CENTER FOR CHILDREN,
THE ROMAN CATHOLIC DIOCESE
OF ALBANY COUNTY, TINA GIAGNI,
MARY ANNE MORRELLE, DEBORAH KELSEY,
BARBARA LYNCH, and ANDREA BURGER,
individually and in their official capacities,

         Defendants.

## MEMORANDUM-DECISION AND ORDER

On April 3, 2008, Plaintiff Melissa M. Alger filed a Motion to compromise infant's claim in accordance with Local Rule 17.1. See Pl.'s Motion (Dkt. No. 105); L.R.N.D.N.Y. 17.1. Upon a Letter Request submitted with the consent of all parties, the Court rescheduled the return date of the Motion from May 2, 2008 to April 18, 2008. See April 17, 2008 Order (Dkt. No. 114). The instant Motion and supporting papers, comprised of the affidavits of Patrick J. Higgins and Norma J. Alger, are sealed pursuant to an Order of this Court dated April 3, 2008. Due to the sensitive nature of the material in these submissions, in the succeeding discussion the Court will make only general references to factual assertions and evidence contained therein. Each party, however, was served with a true and correct copy of the Motion and supporting papers, and therefore the Court anticipates that the parties will readily ascertain the analysis that follows. See Certif. of Serv. (Dkt.

1

No. 105).

Plaintiff Melissa M. Alger has attained the age of majority and has not been adjudicated an incompetent. Higgins Aff. ¶ 2 (Dkt. No. 105). She has nonetheless been appointed a guardian ad litem. Id. The Honorable Randolph. F. Treece, U.S. Magistrate Judge, reviewed a plethora of evidence filed under seal indicating appointment of a guardian ad litem was appropriate, and on February 6, 2008, granted the unopposed Motion filed by Plaintiff's Counsel to appoint Norma J. Alger guardian ad litem for Plaintiff. See Treece Order, Feb. 6, 2008 (Dkt. No.103).

Local Rule 17.1(a) states that

> [a]n action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree. The proceedings on an application to settle or compromise such an action shall conform to the New York State statutes and rules; but the Court, for good cause shown, may dispense with any New York State requirement.

L.R.N.D.N.Y. 17.1(a). Accordingly, the present Motion to compromise with prejudice Plaintiff's claims against Defendants Roman Catholic Diocese of Albany County and St. Anne's Institute is before the Court. See Pl.'s Motion (Dkt. No. 105).

Defendants St. Anne's Institute, Roman Catholic Diocese of Albany, St. Catherine's Center for Children, and Tina Giagni responded to the present Motion by informing the Court that they have no objection to the proposed discontinuance against these two Defendants. See Giagni Response to Mot. (Dkt. No. 109); St. Anne's Response to Mot. (Dkt. No. 111); Diocese and St. Catherine's Response to Mot. (Dkt. No. 112). Furthermore, no other party has objected to the Motion to compromise the claims against Defendants Roman Catholic Diocese of Albany County and St. Anne's Institute.

As required by CPLR § 1208(a), Plaintiff's guardian ad litem, Norma J. Alger, has submitted an affidavit in support of this Motion.  See Alger Aff. (Dkt. No. 105).  In this sealed affidavit, Plaintiff's guardian ad litem explains that she has been advised by Plaintiff's attorney that discontinuing the claims against these two Defendants is unlikely to substantially impact the amount of damages, if any, that Plaintiff may recover; and further, that the Motion is motivated also by the need to move this long-delayed case closer to a final resolution.  Id. at ¶¶ 7, 9.

Plaintiff has also submitted with this Motion, in accordance with CPLR § 1208(b), a sealed affidavit of Plaintiff's attorney, Patrick J. Higgins.  Higgins Aff. (Dkt. No. 105).  In this affidavit, Attorney Higgins states that documents obtained through discovery indicate that the Roman Catholic Diocese of Albany did not directly administer services to Plaintiff; and to the extent that the Roman Catholic Diocese of Albany may be connected to Defendant St. Catherine's, the latter is a separate legal entity that has "sufficient insurance" such that there is no benefit to keeping the Roman Catholic Diocese of Albany in the case.  Id. at ¶¶ 8, 10.

As to Defendant St. Anne's Institute, Attorney Higgins states that this Defendant's nexus to the events underlying Plaintiff's claims was limited to the provision of specified services to Plaintiff during two periods of time during which events leading to some of the underlying claims occurred. Id. at 16-17.  Attorney Higgins avers that Plaintiff was under the legal care and custody of the Albany County Department of Social Services during those same periods, and that St. Anne's Institute was not directly involved with the events giving rise to Plaintiff's claims, or legally responsible for Plaintiff's care during those events.  Id. at ¶¶ 13-14, 16-18.  Furthermore, Attorney Higgins states that discontinuing the claims against Defendant St. Anne's Institute will not measurably detract from the amount of damages available to Plaintiff.  Id. at 19.

3

The affidavits submitted in support of the Motion satisfy the requirements of CPLR § 1208, and upon review of these papers the Court finds strong arguments favoring dismissal of Defendants Roman Catholic Diocese of Albany and St. Anne's Institute. Furthermore, the Court notes that none of the Defendants objected to this Motion. The Court is persuaded that it is appropriate to allow the discontinuance of Plaintiff's claims against Defendants Roman Catholic Diocese of Albany and St. Anne's Institute.

Accordingly, it is hereby

**ORDERED**, that Plaintiff's sealed Motion to compromise infant's claim (Dkt. No. 105) is **GRANTED** and the claims against Defendants Roman Catholic Diocese of Albany and St. Anne's Institute are **COMPROMISED WITH PREJUDICE**; and it is further

**ORDERED,** that the Clerk maintain the Motion and supporting papers (Dkt. No. 105) under seal; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:	April 25, 2008
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge